**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAMER ALI-HASAN, M.D.,**

**Plaintiff,**                            **1:21-cv-679**
                                          **(GLS/CFH)**

                **v.**

**JORGE CONSTANTINO, M.D.,**

                **Defendant.**

_____

### <u>SUMMARY ORDER</u>

Plaintiff Samer Ali-Hasan, M.D. brings this action alleging tortious interference with contract against defendant Jorge Constantino, M.D. (Am. Compl., Dkt. No. 10.)  Pending is Constantino's motion to dismiss.  (Dkt. No. 15.)  For the reasons that follow, the motion is denied.

Consistent with the standard of review, the facts are drawn from Ali-Hasan's amended complaint, (Am. Compl.), and presented in the light most favorable to him.  Ali-Hasan was a Cardiologist with St. Peter's Health Partners Medical Associates (SPHPMA), from 2015 until he was terminated, in July 2019.  (*Id.* ¶¶ 7, 18.)  Constantino is a non-interventional cardiologist "in the Troy market."  (*Id.* ¶ 8.)  Constantino was interviewed in connection with a human resources investigation into Ali-

Hasan, and "without basis in fact or any evidence, accused [him] of intentionally harming patients."  (*Id.* ¶ 15.)  Constantino "was aware of the contract between [Ali-Hasan] and SPHPMA, but [he] was not a party to that agreement."  (*Id.* ¶ 16.)  On July 31, 2019, Ali-Hasan was given written notice from SPHPMA "stating that his contract was terminated without cause effective immediately."  (*Id.* ¶ 18.)  In connection with his termination, SPHPMA failed to follow its own protocols, by depriving Ali-Hasan of his "right to be heard," denying him the ability to "present any countervailing facts" or "comment [on] and defend himself against [the] accusations" against him, failing to consider the "severity" and "circumstances" of Ali-Hasan's alleged violation, and by holding "no follow-up conferences," as required by SPHPMA's by-laws and code of conduct.  (*Id.* ¶¶ 21-22.)

The standard of review under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

2

Constantino argues that he is a partner of SPHPMA, and, by way of his partnership, is a party to Ali-Hasan's contract with SPHPMA, thus making him not amenable to suit for tortious interference with contract. (Dkt. No. 15, Attach. 1 at 4-5.)  However, in support of this argument Constantino points to the fact that, in Ali-Hasan's original complaint, Constantino is named as a partner in SPHPMA, (Dkt. No. 1 ¶ 7), an allegation not included in Ali-Hasan's amended complaint, (*see generally* Am. Compl.).  While Constantino argues that the allegation in the original complaint may be considered now, because "[w]here a plaintiff . . . directly contradicts the facts set forth in his original complaint [with his amended complaint], a court is authorized to accept the facts described in the original complaint as true," (Dkt. No. 15, Attach. 1 at 4 (quoting *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ 0400, 2008 WL 4386764, at \*6 (S.D.N.Y. Sept. 24, 2008)), that is not what Ali-Hasan has done here.  Ali-Hasan does not "directly contradict" the fact that Costantino was a partner at SPHPMA, but, rather, omits this fact, and, thus, the allegations in the amended complaint control and the court may not consider the original complaint.  *See Brooks v. 1st Precinct Police Dept.*, No. 11-CV-6070, 2014 WL 1875037, at \*3 (E.D.N.Y. May 9, 2014) (finding, where the amended

3

complaint "omit[ed] a fact that was included in [the] original [c]omplaint, but d[id] not 'directly contradict' any factual allegations made in the original [c]omplaint," that the court could not rely on the omitted fact alleged in the original complaint in ruling on the pending motion to dismiss); *see also* Fed. R. Civ. P. 12(d); *but see Poindexter v. EMI Record Group Inc.*, No. 11 Civ. 559, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) ("[E]ven though the [a]mended [c]omplaint is the operative pleading, the [c]ourt may still credit admissions in the original complaint.").

While the court has serious doubts as to whether Ali-Hasan will be able to support his claim at the summary judgment stage—given that his original complaint stated that Costantino was a partner at SPHPMA, and he reiterated this in his response, (Dkt. No. 16 at 9); *see Thompson v. Bosswick*, 855 F. Supp. 2d 67, 88 (S.D.N.Y. Feb. 27, 2012) ("[O]nly a stranger to a contract, such as a third party, can be held liable for tortious interference with the contract." (citation omitted)); *see also Wieder v. Skala*, 168 AD.2d 355, 355-56 (1st Dep't 1990) (finding that "partners in the defendant law firm cannot[] be held liable for [tortious] interference with . . . contract between the defendant law firm and the plaintiff since . . . each of the individual partners" were "parties to any contract . . . between the

4

plaintiff and the firm" by nature of their partnership (citations omitted))—at this stage, the court may rely only on the allegations in the amended complaint.  Accordingly,  Constantino's motion to dismiss is denied on this ground.

Finally, Constantino's argument, that, in the alternative, dismissal is warranted because Ali-Hasan's "[a]mended [c]omplaint . . . fails to allege facts plausibly demonstrating that SPHMPA breached his employment contract," because SPHMPA had the right to terminate Ali-Hasan with or without cause at any time,[1] (Dkt. No. 15, Attach. 1 at 8), is contradicted by the amended complaint, (Am. Compl. ¶¶ 22-23 (alleging that SPHPMA failed to follow its procedures by denying Ali-Hasan certain rights he was entitled to, regardless of whether his termination was characterized as with or without cause)).  Accordingly, Costantino's motion to dismiss is denied.

Accordingly, it is hereby

**ORDERED** that Constantino's motion to dismiss (Dkt. No. 15) is

---

[1]  Under New York law, "to sustain a claim for tortious interference with a contract, it must be established that a valid contract existed which a third party knew about, the third party intentionally and improperly *procured the breach of the contract* and the breach resulted in damage to the plaintiff."  *Clearmont Prop., LLC v. Eisner*, 58 A.D.3d 1052, 1055 (3d Dep't 2009) (citation omitted and emphasis added).

**DENIED**; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Christian

F. Hummel to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

September 23, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

6