UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMER ALI-HASAN, M.D.,

                Plaintiff,

  -against-                                  1:21-CV-679 (LEK/CFH)

JORGE CONSTANTINO, M.D.,

                Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

On June 10, 2021, Plaintiff Samer Ali-Hasan M.D. filed this action, against Defendant Jorge Constantino M.D. claiming tortious interference with contract. See Dkt. No. 1 ("Complaint"). Defendant now moves for summary judgment, Dkt. No. 28-1 ("Motion"), and has filed a statement of material facts, Dkt. No. 28-7 ("Statement of Material Facts" or "SMF"). Plaintiff has filed a response, Dkt. No. 31 ("Motion Response"), but has not responded to the Statement of Material Facts. Plaintiff has also filed a cross-motion requesting a stay in proceedings, Dkt. No. 34 ("Cross-Motion"), and Defendant has filed a response, Dkt. No. 35 ("Cross-Motion Response"). Plaintiff has also filed a letter motion, Dkt. No. 36 ("Letter Motion"), and Defendant has filed a response to this letter motion, Dkt. No. 37.

For the reasons that follow, Defendant's Motion is granted, Plaintiff's Cross-Motion is denied, and Plaintiff's Letter Motion is denied.

## II.     BACKGROUND

The Court assumes familiarity with the factual background of this case, as described in the previous summary order issued by the Honorable Christian F. Hummel, United States Magistrate Judge. See Dkt. No. 18 at 1–2.

As Plaintiff has not submitted a response and "does not dispute any assertions in Defendant['s] Statement of Material Facts," "the Court deems all properly supported facts set forth in the Statement of Material Facts as admitted." Frezzell v. N.Y. State Dep't of Lab., No. 14-CV-729, 2017 WL 5054722, at *1 (N.D.N.Y. Nov. 2, 2017) (Kahn, J.) (cleaned up); see also L.R. 56.1(b) ("The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.").

In the Complaint, Plaintiff alleges that his former employer, St. Peter's Health Partners Medical Associates ("SPHPMA") and St. Peter's Health Partners ("SPHP") (not parties), breached their employment agreement ("Agreement") with Plaintiff, and that Defendant tortiously interfered with that contract. See SMF ¶¶ 12–15. On October 12, 2022, "Plaintiff filed an action in Albany County Supreme Court against SPHPMA and SPHP," in which Plaintiff asserted "a state law breach of contract claim against SPHPMA and SPHP" for violating the Agreement. Id. ¶¶ 17, 18. Specifically, Plaintiff argued that he was terminated from his position, and that because the termination was not "for cause," SPHPMA and SPHP breached the terms of the Agreement. Id. ¶ 18; see also Dkt. No. 28-6 at 2–3.

SPHPMA and SPHP moved for summary judgment in the state court action. Id. ¶ 20. The state court granted the motion, finding that

> the Termination for Convenience provision of Plaintiff's Agreement "clearly and unequivocally states that the Agreement may be terminated for any or no reason by either party on at least 180 days' prior written notice" and Plaintiff's termination letter clearly states

    that his Agreement was being terminated "'in accordance with the terms of'" the provision, "that he would continue to receive full pay and benefits for 180 days, and that the termination would be effective January 27, 2020."

Id. ¶ 23 (quoting Dkt. No. 28-4 ("State Court Decision") at 10). The state court further noted that "the Termination for Convenience provision of the Agreement did 'not require SPHPMA to engage in any additional procedural steps beyond providing 180 days' written notice, nor does it require either party to make any factual showing or demonstrate the basis for their decision.'" Id. ¶ 24 (quoting State Court Decision at 10). Thus, the state court concluded that "SPHPMA and SPHP did not breach Plaintiff's Agreement, and dismissed Plaintiff's breach of contract claim." Id. ¶ 25. On June 2, 2023, Plaintiff appealed the State Court Decision ("State Court Appeal") to the New York Supreme Court Appellate Division, Third Department, where the motion is pending. See Mot. Resp. at 2, 5.

  Defendant now moves for summary judgment, arguing that since the State Court Decision has already determined that there was no breach of contract, Plaintiff is collaterally estopped from arguing that Defendant tortiously interfered with that contract. See Mot. at 2.[1] Plaintiff does not counter this argument on the merits in his Response, but rather states that this Court should grant a stay until his State Court Appeal is resolved. See Resp. at 1–2. Plaintiff's Cross-Motion relates to this argument, as that motion specifically requests that this action be stayed pending the outcome of the State Court Appeal. See Cross-Mot. Plaintiff's Letter Motion highlights case law that is purportedly relevant to the Cross-Motion and does not appear to make any other requests. See Letter Mot.

---

[1] Page numbers refer to ECF pagination.

### III.     LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In attempting to defeat a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "mere conclusory allegations, speculation or conjecture," Fischer v. Forrest, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" supporting its claims, Anderson, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S 133, 150

(2000), and "eschew credibility assessments," Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (quoting Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996)). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

IV. **DISCUSSION**

    A. **Letter Motion**

The Letter Motion presents case law "[i]n further support of [P]laintiff's" Cross-Motion, which Plaintiff believes "the Court should take into account." Letter Mot. The Letter Motion is thus effectively a reply to the Cross-Motion, as the Letter Motion makes no specific request on the Court but rather simply seeks to highlight additional case law. Local Rule 7.1(c) specifies that "[t]he cross-moving party may not reply in further support of its cross-motion without the Court's prior permission." Plaintiff has not asked this Court for permission to file such a reply, nor has the Court given approval for such a filing. Plaintiff's Letter Motion is therefore denied for failure to follow the Local Rules, and will not be considered for the purposes of this Memorandum-Decision and Order.

    B. **Cross-Motion**

Plaintiff requests that this action be stayed until the state appellate court resolves Plaintiff's State Court Appeal. See Cross-Mot. Yet as Defendant correctly points out, see Cross-Mot. Resp. at 3–4, a defendant may still pursue dismissal under a collateral estoppel theory "even if plaintiffs are pursuing appeals of the state court decisions." Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., No. 08-CV-4207, 2012 WL 1038804, at *10 (E.D.N.Y. Mar. 28, 2012); see also Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988) ("Of course, the determination

of the state supreme court that under New York law Petrella did not resign is entitled to res judicata effect, even though the city may be appealing that determination."). Should Plaintiff prevail on his State Court Appeal, he may "attempt to have this Court vacate its judgment and re-open this case under Rule 60 of the Federal Rules of Civil Procedure." Id. The Court therefore does not find it appropriate to issue a stay in this action, and denies the Cross-Motion.

    **C. Motion**

In considering a collateral estoppel argument, "[a] federal court sitting in diversity applies the preclusion law 'that would be applied by state courts in the State in which the federal diversity court sits.'" Goldman v. Rio, 788 F. App'x 82, 83 (2d Cir. 2019) (quoting Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001)). "Under New York law, the doctrine of collateral estoppel 'bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination.'" Buford v. Coombe, 199 F.3d 1321, 1321 (2d Cir. 1999) (quoting Weiss v. Manfredi, 639 N.E.2d 1122, 1123, (N.Y. 1994)). "[C]ollateral estoppel precludes relitigation where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Zherka v. City of New York, 459 F. App'x 10, 13 (2d Cir. 2012) (citation and quotation marks omitted).

    Defendant meets the first element of a collateral estoppel. To make a claim of tortious interference with contract under New York law, a plaintiff must demonstrate: "(1) 'the existence of a valid contract between the plaintiff and a third party'; (2) the 'defendant's knowledge of the contract'; (3) the 'defendant's intentional procurement of the third-party's breach of the contract

6

without justification'; (4) 'actual breach of the contract'; and (5) 'damages resulting therefrom.'" Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006) (quoting Lama Holding Co. v. Smith Barney Inc., 668 N.E.2d 1370, 1375 (N.Y. 1996)). Here Plaintiff alleges that due to Defendant's conduct, SPHPMA and SPHP breached the Agreement. See Compl. ¶ 16 ("As a result of [D]efendant's efforts, [P]laintiff's contract with SPHPMA was terminated."). However, the State Court Decision explicitly found that SPHPMA and SPHP did not breach the Agreement. See State Court Decision at 7–11. Thus, the State Court Decision directly concerns the fourth element of Plaintiff's tortious interference with contract claim: "actual breach of the contract." Kirch, 449 F.3d at 401. Because the State Court Decision rules on a necessary element of Plaintiff's tortious interference claim, the Court is persuaded that the "the issues in" this proceeding and the State Court Decision are "identical." Buford, 199 F.3d at 1321.

Defendant also meets the second element of collateral estoppel. "[F]or a question to have been actually litigated . . . it must have been properly raised by the pleadings or otherwise placed in issue." Evans v. Ottimo, 469 F.3d 278, 282 (2d Cir. 2006) (citation omitted). In the state court case, SPHPMA and SPHP made the specific argument in their summary judgment motion that they had not breached the Agreement with Plaintiff. See SMF ¶ 20. That "motion was fully briefed by" SPHPMA and SPHP, and by Plaintiff. Id. ¶ 21. The Court is thus satisfied that the issue of breach of contract has been "actually litigated," as that issue was "properly raised" and "placed in issue" during the state court proceedings. Evans, 469 F.3d at 282.

Defendant meets the third element as well. In considering whether a plaintiff had a "full and fair opportunity to litigate," courts consider whether "there is a compelling showing of unfairness or inadequacy in the prior litigation." Charter Oak Fire Ins. Co. v. Electrolux Home Prod., Inc., 882 F. Supp. 2d 396, 402 (E.D.N.Y. 2012) (citation and quotation marks omitted).

7

Courts have made clear that "the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with . . . the party opposing the application of issue preclusion." Proctor v. LeClaire, 715 F.3d 402, 414 (2d Cir. 2013) (citation and quotation marks omitted). Here, Plaintiff has made no "showing of unfairness or inadequacy in the prior litigation," and the Court is without any evidence to suggest that the state court proceedings were unfair or inadequate. Charter Oak Fire Ins. Co., 882 F. Supp. 2d at 402. Thus, the Court is satisfied that Plaintiff had a "full and fair opportunity to litigate."

Finally, Defendant meets the fourth element of collateral estoppel. Courts have made clear that a summary judgment determination is "a valid final judgment," as "it is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata." Houdet v. U.S. Tennis Ass'n, No. 13-CV-5131, 2014 WL 6804109, at *4 (E.D.N.Y. Dec. 3, 2014) (quoting Bardi v. Warren Cnty. Sheriff's Dep't, 687 N.Y.S.2d 775, 777 (3rd Dep't 1999)), aff'd sub nom. Houdet v. Brewer, 627 F. App'x 37 (2d Cir. 2016). As the State Court Decision directly ruled on a summary judgment motion regarding whether SPHPMA and SPHP breached a contract, the Court is satisfied that "the issue previously litigated was necessary to support a valid and final judgment on the merits." Zherka, 459 F. App'x at 13.

In summary, Defendant has demonstrated that he meets all four elements of collateral estoppel. Since Plaintiff is estopped from establishing that there was an underlying breach of contract, he cannot argue as a matter of law that Defendant engaged in tortious interference. The Court therefore finds that Plaintiff is collaterally estopped from pursuing his tortious interference with contract claim, grants Defendant's Motion, and dismisses this action. Should Plaintiff

succeed in his pending appeal, he may choose to reopen this action pursuant to Federal Rule of Civil Procedure 60(b)(5).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion for summary judgment, Dkt. No. 28, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion for a stay, Dkt. No. 34, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Letter Motion, Dkt. No. 36, is **DENIED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 12, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge